AUNSPAUGH *v.* MURDOCK ACCEPTANCE CORPORATION.

5-51                                                    258 S. W. 2d 559

Opinion delivered May 11, 1953.

Rehearing denied June 22, 1953.

*Brooks Bradley, Tilghman E. Dixon* and *Josh W. McHughes,* for appellant.

*Lowell W. Taylor* and *Owens, Ehrman & McHaney,* for appellee.

*S. L. White, Amicus Curiae.*

GEORGE ROSE SMITH, J. This is one of several cases, all involving the issue of usury, that were argued and submitted together. In this case the chancellor dismissed the appellant's complaint upon a finding that the contract was not usurious.

On May 8, 1950, Aunspaugh purchased from James Hampton, one of the appellees, a Studebaker car which was offered for sale for $995 in cash. Aunspaugh, instead of paying cash, traded in a Chevrolet car for a credit of $345 and signed a conditional sales contract by which he agreed to pay the sum of $987 in 21 monthly installments of $47 each. Aunspaugh also received a bill of sale which recites that the balance was financed with Murdock Acceptance Corporation in 21 payments of $47 each. It cannot be doubted that Aunspaugh, if he read these documents, was aware of his obligation, and the chancellor specifically found that Aunspaugh "knew and understood the terms and conditions" of the sale.

On September 15, 1950, Aunspaugh brought this suit to obtain a cancellation of the contract upon the ground that it was usurious. It is conceded that even after the cost of insurance purchased by Murdock is deducted from the total time price of $1,332 the difference between the

cash price and the credit price, if treated as interest, exceeds the legal rate of 10% per annum. During the pendency of the suit the chancellor required the monthly installments to be paid into the registry of the court, and this money was adjudged to belong to Murdock when the complaint was dismissed.

In all respects but one this case is governed by the opinion in *Crisco* v. *Murdock Acceptance Corporation,* also decided today. 222 Ark. 127, 258 S. W. 2d 551. The only distinction that might be regarded as material lies in the fact that here Hampton transferred the conditional sales contract to Murdock for $687 in cash and, by means of what is referred to as a dealer's loss reserve, became entitled to receive an additional $31 from Murdock in the event that Aunspaugh discharged his debt in a manner satisfactory to Murdock. It is now insisted that this agreement for a contingent future payment had the effect of making Hampton the agent of Murdock in the consummation of a loan from Murdock to Aunspaugh. The answer to this argument is that prior to the finality of our decision in *Hare* v. *General Contract Purchase Corp.,* 220 Ark. 601, 249 S. W. 2d 973, this type of transaction was treated as a credit sale rather than as a loan of money. In that view Hampton could not have been Murdock's agent in the negotiation of a loan, for no loan is involved. As long as the transaction is treated as a credit sale it is immaterial to the purchaser what arrangements are made between the seller and the finance company for the transfer of the sales contract.

There being no material difference between this case and the *Crisco* case, the decree is affirmed.