MURDOCK ACCEPTANCE CORPORATION *v.* CLIFT.

5-155                                                    259 S. W. 2d 517

Opinion delivered June 22, 1953.

*Lowell W. Taylor* and *Owens, Ehrman & McHaney,* for appellant.

*H. B. Stubblefield,* for appellee.

WARD, Justice. On May 13, 1952, appellee and her husband, Henry Clift, went to the Scallion Motor Co. and completed arrangements to purchase a 1949 Model Chevrolet Automobile which had been advertised for sale for $1,295. In substance the deal was for Henry Clift to trade in a 1947 Willys Station Wagon and pay $57 per month for 24 months, which payments were inclusive of interest, insurance, and a small amount designated as "Dealer's Reserve." After all papers had been prepared it was learned that Henry Clift was not 21 years old, and so it was agreed to prepare new papers in the name of appellee. This was done and all papers were signed by appellee as of May 14, 1952.

There is some conflict in the testimony regarding certain details of the transaction, but appellee admits

she signed the Conditional Sale Contract presently described. The said contract, No. 27433 and dated May 14, 1952, described a 1949 Model Chevrolet Convertible Coupe. In bold type appears the following:

For a TOTAL TIME PRICE of ........................$1,882.00
Payable ON OR BEFORE DELIVERY.....$ 514.00
Leaving a DEFERRED BALANCE...............$1,368.00
Payable at office of Murdock Acceptance
    Corporation to be hereafter designated
    in installments of 24 .......................................$ 57.00

The last line above appellee's signature reads: "Executed in duplicate, one copy of which was delivered to and retained by purchaser, this 14 day of May, 1952." On the reverse side of the above contract appears an assignment by the Scallion Motor Co. to the Murdock Acceptance Corporation.

On July 22, 1952, suit was filed by appellee to cancel the above sale contract for usury. The Chancellor found in favor of appellee and appellants have appealed.

A "Customer's Statement" introduced in evidence shows that the balance of $1,368 due on the contract was arrived at as follows:

Delivered price of car......................$1,494.00
Down payment ...............................$ 514.00
Unpaid balance ...............................$ 980.00
The price differential ...................$ 388.00
Total balance ...............................$1,368.00

There are different explanations of how the items $1,494 and $514 were arrived at, but it is unnecessary to discuss them in view of the decision hereinafter reached.

The Conditional Sale Contract described above brings this case clearly within the decision in the case of *Hare* v. *General Contract Purchase Corporation*, 220 Ark. 601, 249 S. W. 2d 973, and *Crisco* v. *Murdock Acceptance Corporation*, 222 Ark. 127, 258 S. W. 2d 551, and calls for a reversal of this case.

The price differential of $388 not only included interest and insurance premium but also included an item

of $19.60 which is designated as "Dealer's Reserve," and it is argued that this shows the relationship of agency existed between the dealer and appellant, Murdock Acceptance Corporation. This same question was resolved against appellee's contention in the recent case of *Aunspaugh* v. *Murdock Acceptance Corporation*, 222 Ark. 141, 258 S. W. 2d 559.

During the pendency of this case in the trial court appellee made payments into court on her contract in the amount of $285. In its decree the trial court gave appellee judgment for this amount. It also appears that appellee has possession of the car and that no payments have been made since the date of the Chancellor's decree. For these and other good reasons, it is determined that the mandate of this court should be issued immediately.

Reversed.